IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GRISEL MORALES-GUADALUPE<br><br>PLAINTIFF<br>v.<br><br>ORIENTAL BANK AND TRUST and/or ORIENTAL BANK & TRUST and/or ORIENTAL BANK and/or ORIENTAL BANK, INC. and/or ORIENTAL BANK CORP.<br><br>DEFENDANT | CIVIL NO. 16-1535<br><br>RE: AGE DISCRIMINATION IN EMPLOYMENT ACT, LAW NO.100 OF JUNE 30, 1959; LAW NO. 80 OF MAY 30, 1976<br><br>DAMAGES EQUITABLE AND INJUNCTIVE RELIEF<br><br>TRIAL BY JURY |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

NOW COMES the Plaintiff, through the undersigned attorney, and very respectfully alleges states and prays:

**INTRODUCTION**

1.  GRISEL MORALES-GUADALUPE (Morales or the Plaintiff) brings this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq., seeking damages as a result of the Defendant's discrimination against plaintiff due to her age, and her discharge, in violation of the ADEA, Puerto Rico's Law No. 100 of June 30, 1959, as amended,

1

and Law No. 80 of May 30, 1976.

## JURISDICTION

2. Jurisdiction of this action is conferred upon the Court by 29 U.S.C. Sec. 633a (c), 29 U.S.C. 1132 (e), and/or 28 U.S.C. Sections 1331 and 1345.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391 (a) and (b).

4. This Court's exercise of supplemental jurisdiction is invoked pursuant to 28 U.S.C. 1367 to hear the Commonwealth law claims because these arose from the same nucleus of operative facts.

5. All conditions precedent to jurisdiction under 29 U.S.C. 633a and 29 U.S.C. 626 have occurred or have been complied with.

   a. A charge of employment discrimination on the basis of age discrimination was timely filed with the Puerto Rico Department of Labor Anti-Discrimination Unit (ADU) and the Equal Employment Opportunity Commission ("EEOC"). The charge was filed on February 13, 2015.

   b. After proceedings at the Department of Labor, the parties could not solve their differences. The ADU and the EEOC found probable cause of discrimination.

   c. The EEOC issued Right-to-sue letter in the EEOC charge on December 30, 2015, that was received by plaintiff after December 30, 2015.

   d. This complaint is being filed within 90 days of receipt of the "EEOC" right-to-sue letters.

6. All the discriminatory employment practices alleged herein were committed within the Commonwealth of Puerto Rico.

7. Defendant (hereinafter referred to as "Defendant") is a corporation and a banking institution duly organized under the laws of the Commonwealth of Puerto Rico.

8. Defendant is a "person" within the meaning of 29 U.S.C. 630 (a) inasmuch Defendant is a corporation organized under the laws of the Commonwealth of Puerto Rico.

9. Defendant employed 15 or more employees for each working day in each of twenty or more calendar weeks in 2013, 2014 and 2015. Therefore, Defendant is an "employer" within the meaning of 29 U.S.C. 630 (b).

10. Defendant is, and has always been, a person engaged in an industry affecting commerce as defined by 29 U.S.C. 630 (h).

11. Defendant has the principal office and place of business in San Juan, Puerto Rico. Defendant is, and has always been, a bank that is regulated by several federal banking laws and regulations. Further, Defendant manages federal funds and investments.

## THE NARRATIVE

12. Morales is 54 years old. She was born in 1962.

13. Defendant operates a bank in Puerto Rico. Morales began working with Defendant's predecessor, Banco Bilbao Vizcaya Argentaria (BBVA), on June 24, 1996 as teller. BBVA was a bank operating in Puerto Rico, but its roots were in Spain. During her tenure, Morales was promoted two times. The first time Morales was promoted to the position of Front Back and, later, to the position of Administration Manager. These promotions took place under BBVA's administration. As Administration Manager, her duties included many supervisory and administrative duties within a bank branch. On February 6, 2015, Morales was Administration Manager (known as Operational Manager after October 2013) in the Defendant's bank branch of Old San Juan, San Juan, PR.

14. In or around October 2013, Defendant bought the access of BBVA and/or merged with BBVA. Defendant is a bank that exists and operates in Puerto Rico since around 1994. After this sale and/or merge, the name of BBVA branches was changed to ORIENTAL BANK AND TRUST and/or ORIENTAL BANK & TRUST and/or ORIENTAL BANK and/or ORIENTAL BANK, INC. and/or ORIENTAL BANK CORP. Morales continued notwithstanding the change and was thereafter compensated under Defendant's payroll. Defendant discharged Morales from her employment on February 6, 2015.

15. The transaction of BBVA and Defendant was a transfer of a going business and/or Defendant is a successor employer of BBVA. As a consequence, Morales kept her seniority since the beginning to work with BBVA. The operations, personnel, administration, polices and production continued to be the same as they were in BBVA before the mentioned change. The operations continued to be those of a bank before and after the change; the personnel continued to be the same, before and after the change, the administration continued to be the same before and after the change, except for some changes in the supervisory structure (younger supervisors coming from the Oriental's structure); and the personnel and operational polices, as well as the products and services offered by the bank, continued to be the same as they were in BBVA before the mentioned change. Further, there was no change in operations, neither interruption of the operations, between BBVA and Defendant transition.

16. Morales was always an excellent, capable and dedicated employee. Morales had an excellent and spotless service record. Morales' last performing evaluation was good. In 2009, Morales was transfer to the bank branch of Old San Juan because the bank needed a good manager. When Morales was discharged from his employment by Defendant on February 6, 2015,

no incident has happened that could be used as a pretext to discharge Morales. Therefore, Morales was performing as Defendant's satisfaction.

17. Since the merge of the bank took place, the bank management has been "renovating" its employee staff by hiring young employees. In the meetings of managers, the Morales' superiors used to comment that the bank wanted young people ("Gente joven"), new blood ("Sangre Nueva") and people who could brought new ideas. These comments were made by several supervisors, including Human Resources personnel. As a consequence, Defendant began to discharge elder employees and substitute them with substantially younger employees.

18. Almost all the elder operational managers and managers have been discharged and substituted by substantially younger employees. For instance, Fred Morales, Marilu Morales, Ileana Collazo, Maribel Cruz, Betzaida Molina and Leilani Burgos, operational managers over the protected age and performing according to Defendant's policies, were, during this period of time, discharged and substituted by a substantially younger employees. Managers over 40 years old as Alfredo Medero were also discharged and substituted by substantially younger employees. Some manager were also unjustifiably transferred. Some of these managers received discriminatory remarks. For instance, Ruth Alicea was told by a young supervisor that with her age she would rather stay at her home and we are going to clean the house. ("Con tu edad, yo me quedaría en casa" and "Hoy a van a limpiar la casa") The bottom-line is that the average age of the managers of the Defendant now is around 32 years old.

19. As stated before, Morales was discharged from his employment by Defendant on February 6, 2015, no incident has happened that could be used as a pretext to discharge Morales. Defendant presented Morales no reason for the discharge, neither had one. As per to18day,

Defendant has not even articulated a reason for Morales' discharge. Before the ADU, the EEOC and the PR Department of Labor, Defendant articulated no reason for Morales' discharge. The ADU and the EEOC determined that there was age discrimination against Morales on part of Defendant. Morales was immediately replaced by a substantially younger employee, Luzaida Cuadra, 25 years old approximately.

20. Morales was in the age group protected by the ADEA (54 years old); she was discharged on February 6, 2015; at the time of his discharge, she was performing her job at a level that met her employer's legitimate expectations (Morales had an excellent and spotless service record, had a good evaluation, always performed at Defendant's satisfaction, and was performing according to Defendant's rules); and she was replaced by a substantially younger employee, Luzaida Cuadra, 25 years old approximately.

21. Defendant's conduct is the proximate cause of all of Morales' damages. Among others, Morales has suffered economic damages and loss of salary. Defendant paid Morales $27,194.00 annually approximately. Further, Morales has suffered intensively. For instance, Morales has lost weight and has been having sleep problems. Morales has not been able to pay his son's university tuition, among other things.

**FIRST CAUSE OF ACTION**

22. Morales repeats and realleges allegations from 1- 19 as if fully set herein.

23. Defendant's conduct against Morales constitutes discrimination on the basis of age in violation of the ADEA.

24. As a proximate result of the defendant's discriminatory practices, Morales has suffered intensely, has been deprived of her means of livelihood and has been emotionally

devastated.

25. Defendant is liable to Morales for compensatory and emotional damages, back pay, loss of income, salaries and benefits, and she is entitled to be reinstated to her former position, which she held prior to her discriminatory discharge, and/or front pay in lieu of reinstatement until age 70.

## SECOND CAUSE OF ACTION

26. Morales repeats and realleges each and every preceding allegation as if fully set herein.

27. Defendant's discriminatory conduct constitutes a willful violation of the ADEA and as a result thereof the defendant is liable to Morales for liquidated damages.

## THIRD CAUSE OF ACTION

28. Morales repeats and realleges each and every preceding allegation as if fully set herein.

29. Defendant's conduct constitutes discrimination on the basis of age in violation of Law No. 100 of June 30, 1959, as amended and as a result thereof defendant is liable to Morales for compensatory and double damages.

## FOUTH CAUSE OF ACTION

30. Morales repeats and realleges each and every preceding allegation as if fully set herein.

31. Morales was employee in commerce and industry for defendant, for which she

worked for compensation under contract without a fixed period of time.

32.    Defendant discharged Morales from her employment in violation of 29 LPRA Section 185a et seq., which entitles her to the approximate amount of $60,000.00 in severance payment.

## TRIAL BY JURY

33.    Plaintiff demands that the instant action be tried before a jury.

## PETITION FOR RELIEF

**WHEREFORE,** all premises considered, Plaintiff prays that judgment be entered in her favor and against Defendant including the following relief:

- a. An order directing the Defendant to reinstate Morales to her employment or an award of front pay until age 70 in lieu of reinstatement and to cease and desist of any discriminatory conduct due to her age.
- b. Back pay, together with interest.
- c. Lost benefits and salaries both, past and future.
- d. Severance pay under 29 LPRA Section 185a.
- e. An award of liquidated damages equal to twice the back pay lost by Morales.
- f. An award of compensatory damages for the emotional suffering and distress resulting from Defendant discriminatory discharge in an amount not less than $500,000.00.
- g. An award of double compensatory damages and back pay pursuant to Law No. 100.

    h.    Attorney's fees and costs pursuant to 29 USCA 1132 (g) and other laws.

    i.    An award of costs and necessary disbursements.

    j.    Any other remedy that this Court may deem just and proper.

In San Juan, Puerto Rico, this 28th day of March 2016.

    S/Manuel Durán-Rodríguez  
    MANUEL DURAN-RODRIGUEZ, ESQ.  
    USDC- PR No.204512  
    MANUEL DURAN LAW OFFICE  
    1139 AMERICO MIRANDA AVE.  
    SAN JUAN, PUERTO RICO 00921  
    TEL. (787) 781-7373  
    FAX (787) 781-7771  
    Mduranlaw@aol.com